**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1945**

CARL WOMACK; RUTH WOMACK,

                 Plaintiffs - Appellants,

      v.

STEVE OWENS, Rutherford County Clerk of Court; JOHN CARROLL, Director of Rutherford County Department of Social Services; ADENA WIDENER, Social Worker for Rutherford County Social Services Adult Protective Services,

                 Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:17-cv-00173-MR-DLH)

Submitted: February 28, 2018                         Decided: June 4, 2018

Before FLOYD and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed as modified in part, vacated in part, and remanded by unpublished per curiam opinion.

Carl Womack, Ruth Womack, Appellants Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carl Womack and his mother, Ruth Womack, filed a civil complaint alleging violations of 42 U.S.C. §§ 1983, 1985, 1986, 12203 (2012), 18 U.S.C. §§ 241, 1513 (2012), U.S. Const. amend. VI, and "prosecutorial misconduct." The district court sua sponte dismissed the complaint for lack of subject matter jurisdiction, finding that the complaint challenged the outcome of Ruth Womack's competency proceeding in North Carolina state court and that, under the *Rooker-Feldman*[1] doctrine, the district court did not have jurisdiction to consider the claims. For the reasons explained below, we affirm as modified in part, vacate in part, and remand for further proceedings.

We review de novo the district court's determination that it lacked subject matter jurisdiction. *Flame S.A. v. Freight Bulk Pte. Ltd.*, 807 F.3d 572, 580 (4th Cir. 2015). The *Rooker-Feldman* doctrine bars "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Thana v. Bd. of License Comm'rs for Charles Cty.*, 827 F.3d 314, 320 (4th Cir. 2016) (emphasis omitted) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

We conclude that Counts 1, 2, 3, 5, 6, 7, 8, and 9, and portions of Counts 10 and 11, were all correctly dismissed under the *Rooker-Feldman* doctrine. In each of those counts, Carl Womack and Ruth Womack, the state-court losers, complain of injuries caused by the

---

[1] *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

state-court judgment. However, a dismissal for lack of subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands*, *LLC*, 713 F.3d 175, 185 (4th Cir. 2013). Accordingly, we affirm as modified as to these claims to reflect a dismissal without prejudice.

Count 4, the portion of Count 10 alleging that the Department of Social Services (DSS) unlawfully restricted Ruth Womack's access to her bank account, and the portion of Count 11 alleging that DSS unnecessarily delayed Ruth Womack's ability to enter an assisted living facility allege independent claims and, thus, are not barred by *Rooker-Feldman*. However, we are "not limited to the grounds the district court relied upon, and . . . may affirm [a dismissal] on any basis fairly supported by the record." *Lawson v. Union Cty. Clerk of Court*, 828 F.3d 239, 247 (4th Cir. 2016) (internal quotation marks omitted). We therefore consider whether any of these allegations state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (2012) (explaining that "the court shall dismiss the case at any time" if it determines that the action "fails to state a claim on which relief may be granted").

In Count 10, the parties allege a violation of 42 U.S.C. § 1985. To bring a claim under § 1985, a plaintiff must show:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

3

*Thomas v. Salvation Army S. Terr.*, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted). "Allegations of 'parallel conduct and a bare assertion of a conspiracy' are not enough for a claim to proceed." *Id.* (quoting *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011)). While the complaint repeatedly uses the word "conspiracy," it does not allege any facts to support such a claim. Accordingly, we affirm the district court's dismissal of this count, though we modify the dismissal to be without prejudice because Plaintiffs were not given an opportunity to respond or amend their pro se complaint. *See Thomas*, 841 F.3d at 642; *King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016).

Count 11 alleges a violation of 42 U.S.C. § 1986. Section 1986 provides a cause of action against persons who have knowledge of a § 1985 conspiracy and, while having the power to intervene, neglect or refuse to do so. 42 U.S.C. § 1986. Because the complaint does not adequately allege a § 1985 conspiracy, it cannot bring a claim under § 1986. Accordingly, we affirm the district court's dismissal of this count, again amending to reflect a dismissal without prejudice.

Finally, Count 4 is brought pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Thomas*, 841 F.3d at 637 (internal quotation marks omitted). Liberally construing the complaint, we find that Ruth Womack alleged that she was deprived of her property, by state actors, without due process of law, when she claimed that DSS blocked her access to her bank account prior to a ruling finding her incompetent.

4

We vacate the judgment of the district court to the extent it dismisses Count 4 and remand for further consideration of that claim. Because it appears from the complaint that Ruth Womack has been declared incompetent by a state court, but that the named Defendants are employees of her guardian, DSS, a guardian ad litem should be appointed on remand to represent Ruth Womack's interests. *See* Fed. R. Civ. P. 17; N.C. Gen. Stat. § 1A-1, Rule 17(b)(1) (2017). We note that Count 4 does not allege an injury against Carl Womack and, thus, he has no standing to bring that claim and should be dismissed as a party to the action. *See Long Term Care Partners, LLC v. United States*, 516 F.3d 225, 231 (4th Cir. 2008). Count 4 also makes no allegations against Defendant Steve Owens, and he, too, should be dismissed.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

5